LEMMON, Judge
(dissenting).
The crucial legal issue in this case is whether or not Doris Brumfield’s employees made a reasonable effort to determine Deborah Washington’s age.
On Friday night the employees were informed that Deborah Washington was 13 years old. When they demanded proof of age, the employees were presented and accepted a typewritten card, signed by an unknown person with words to the effect that “Deborah Washington of a certain address is 18 years of age.” The employees admitted that they usually required a driver’s license, health certificate, birth certificate, marriage license or similar document as proof of age.
Under these circumstances I believe that the employees did not make a reasonable effort to determine Deborah’s age. Since it is undisputed that Deborah returned to the bar the next night and was still there when found by the police early Sunday morning, I believe that a violation of R.S. 26 :88(3) occurred.[1]
However, I believe that the Board’s revocation of the permittee’s license for her first violation, particularly under the peculiar facts of this case, was a grossly ex *307 cessive penalty. In my opinion a simple fine was the maximum penalty justified under the facts and circumstances of this violation. But the excessiveness of the penalty for the violation should not influence a determination of the issue of whether or not a violation in fact occurred.

. The statute reads :
“No person holding a retail dealer’s permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises :
* * # * *
“(3) Invite or permit any person under the age of eighteen years to visit or loiter in or about any place where alcoholic beverages or beer are the principal commodities sold or handled.